**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

Linda Gordian**, Plaintiff,**

**v.**

GC Services, Limited Partnership**, Defendant.**

## COMPLAINT

## PARTIES

1. Plaintiff Linda Gordian is a citizen of CO who presently resides at the following address: 1255 Villa Grove, Monument, CO 80132.

2. Defendant GC Services, LP is a citizen of AZ who is located at the following address: 6330 Gulfton, Houston, TX 77081.

## JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## BRIEF FACTUAL BACKGROUND

4. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

5. Defendant is a corporation doing business primarily as a consumer debt collector.

6. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

8. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

9. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

10. On or around January 29, 2008, Defendant telephoned Plaintiff's brother's residence and spoke to Plaintiff's brother's girlfriend.

11. During this communication, Defendant stated that Defendant was calling for Plaintiff regarding a very important financial matter.

12. On or around January 29, 2008, Defendant telephoned Plaintiff's sister and stated that Defendant was calling for Plaintiff regarding a very important financial matter.

13. On or around January 29, 2008, during a communication with Plaintiff regarding Plaintiff's debt, Plaintiff requested that Defendant not telephone Plaintiff's place of employment and stop telephoning Plaintiff's family members.

14. During this communication, Defendant stated that Defendant can call whomever Defendant wants, whenever it wants, regarding Plaintiff's business.

15. During this communication, Defendant stated that Defendant would not stop calling Plaintiff's family members.

16. During this communication, Plaintiff became quite upset and Plaintiff informed Defendant that Plaintiff was terminating the telephone call.

17. In response, Defendant taunted Plaintiff and said "go ahead, I will just call you right back".

18. Following this communication, due to the stress, Plaintiff began experiencing symptoms of a panic attack, and was forced to stay home from work for the next three days.

19. Plaintiff went to the hospital to undergo testing.

20. After Plaintiff returned home from the hospital, Defendant telephoned Plaintiff and Plaintiff informed Defendant that Plaintiff was ill and could not speak.

21. Defendant ignored Plaintiff's request and as a result, Plaintiff began to experience chest pains again due to the stress caused by Defendant.

22. As a result of Defendant's actions, Plaintiff was upset and embarrassed that Defendant had troubled Plaintiff's family members regarding the debt.

23. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

### FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### FIFTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### SIXTH CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion upon Seclusion

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

37. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

38. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

39. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:   s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Macey & Aleman, P.C.
    Sears Tower
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone: (866) 339-1156
    FAX: (312) 822-1064
    Email: jsh@legalhelpers.com
    Attorney for Plaintiff